The Honorable James C. Scott State Senator 321 State Highway 15 North Warren, Arkansas 71671
Dear Senator Scott:
This is in response to your request for an opinion on two ordinances adopted by the City of Lake Village, pursuant to the authority granted in A.C.A. §§ 14-54-901 to -904 (1987 and Supp. 1993) and 14-56-203 (1987), which require property owners to maintain real property in a manner as to prevent unsightly or unsanitary conditions or health hazards. If the property owner refuses to correct the conditions, the statutes and ordinances authorize the city to correct the situation and seek reimbursement from the owner for the costs incurred. You note that one or more lots in Lake Village are not being properly maintained by the owner and the City has been "bushhogging" the lots to prevent the grass, weeds and underbrush from becoming unsightly or a health hazard, and the City takes a lien on the properties for the costs of this service as is allowed by the statutes and ordinances. One or more of the owners of the adjoining lots, who maintain their lawns in immaculate condition, have requested that the City require the owner of the unkempt lot or lots to maintain the lots in a condition comparable to adjoining lots or that the City do so. Your question in this regard is as follows:
 If the owner of a lot in Lake Village fails to properly maintain the lot in accordance with the requirements of the enclosed ordinances and the City provides the service, does the City have the responsibility or authority to maintain the lot in a condition comparable to the adjoining lots and to take a lien on the property for costs, or is the city limited to minimal maintenance such as periodic bushhogging to keep the property from becoming very unsightly or a health hazard?
It is my opinion that the City has neither the responsibility nor the authority to maintain the lot in a similar "immaculate" condition to adjoining lots and to bill the property owner for the costs incurred. The relevant statutes, the first of which is A.C.A. § 14-54-901, provide merely that cities are empowered to order property owners to "cut weeds, to remove garbage, rubbish, and other unsightly and unsanitary articles and things upon the property; and to eliminate, fill up, or remove stagnant pools of water or any other unsanitary thing, place, or condition which might become a breeding place for mosquitoes, flies, and germs harmful to the health of the community. . . ." The other statute you mention, A.C.A. § 14-56-203, governs the removal or razing of buildings that have become "dilapidated, unsightly, unsafe, unsanitary, obnoxious, or detrimental to the public welfare. . . ." Although the relevant Lake Village ordinances expand slightly on the language of the statutes, there is nothing contained therein which grants authority for the City to require property owners to maintain their property in a condition comparable or acceptable to adjoining landowners, and to bill the property owners for such maintenance. The statutes and the ordinances merely authorize the City to order the property owner to correct the conditions listed therein, and to perform the work itself and collect from the owner, should he or she fail to maintain the property in accordance with the law.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh